IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DARRELL TAYLOR,**

        **Plaintiff,**

**v.**                                                                                                                   **Case 2:20-cv-02428-JTF-cgc**

**DEBORAH 'MEANS' HENDERSON,**

        **Defendant.**

---

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

### REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

---

On June 15, 2020, Plaintiff Darrell Taylor filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrate Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

### I.     Order on Motion for Leave to Proceed *In Forma Pauperis*

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a).  To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.  Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit.  A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit.  The information set forth in the affidavit satisfy Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee.  Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

The Clerk shall record the defendant as Deborah Means Henderson.

### II.    Introduction

Plaintiff alleges violations of his constitutional rights pursuant to Section 1983.  From what the Court can glean from Plaintiff's Complaint, this case arises out of state court proceedings which occurred in September 2019 before General Sessions Court Judge Deborah Henderson, the Defendant in this case.  Plaintiff states that he "filed a proper oath – subpoena – against Abon Taylor, Jr.," who is a defendant in another pending case of Plaintiff's.  It appears that Plaintiff alleges that Judge Henderson did not "sign [his] proper oath" and did not "show [it] to [the] court."

According to Plaintiff, the case was dismissed on September 30, 2019.  For relief, Plaintiff seeks that the Court "compensate [him] the maximum amount civilly and what[ever] else needs to be done criminally."

### III.     Analysis

Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits."  *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A *pro se* complaint must still "contain sufficient factual matters, accepted as true to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)).  District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create a *pro se* litigant's claim for him."  *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003).  Plaintiff has not alleged any deprivation of rights secured by the Constitution or the laws of the United States nor do the allegations as stated suggest any violation of his federally protected rights.  As stated above, it is not this Court's obligation to create Plaintiff's Section 1983 claim for him.  *Plier*, 542 U.S. at 231; *Payne*, 73 F. App'x at 837.  Accordingly, it is RECOMMENDED that Plaintiff's claim could be dismissed on this basis alone.

Additionally, even if Plaintiff alleged a violation of his federally protected rights, with respect to suits against judges the United States Court of Appeals for the Sixth Circuit has summarized the law stating, "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (internal citations and quotations omitted).  Plaintiff makes no allegations that Judge Henderson was without jurisdiction.  Accordingly, it is RECOMMENDED that Judge Henderson is entitled to absolute judicial immunity relating to these matters and Plaintiff's claim be dismissed for failure to state a claim.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant

seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 29th day of June 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**